NO. 07-05-0223-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



OCTOBER 27, 2005



______________________________




IN THE MATTER OF N.W.S., A CHILD




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 90-531,436; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

ON MOTION FOR REHEARING


 By opinion dated September 29, 2005, this Court dismissed Chester Wayne
Sullivan's appeal due to counsel's failure to certify compliance with Rule 35.3(a)(2) of the
Texas Rules of Appellate Procedure regarding whether arrangements had been made to
pay for the clerk's record, which had yet to be filed. By motion for rehearing, Sullivan
contends that when his counsel's office received this Court's notice requesting certification,
he was directed to pay for the record and did so. The clerk's record was filed on October
13, 2005. We grant Sullivan's motion for rehearing and withdraw our opinion and judgment
of September 29, 2005, and, in lieu thereof, issue the following opinion. 

 By letter dated August 29, 2005, counsel was directed to certify he had made
arrangements to pay for the clerk's record by September 19, 2005, indicating that failure
to do so would result in dismissal of Sullivan's appeal. By the motion for rehearing,
counsel has demonstrated that due to a medical condition, which required admission to the
hospital, and an oversight by his staff, he was unaware of the directive for certification until
he returned to his office on October 7, 2005, and discovered the appeal had been
dismissed. 

 Accordingly, Chester Wayne Sullivan's motion for rehearing is granted and the
appeal is reinstated. Both the clerk's record and reporter's record have now been filed. 
Chester Wayne Sullivan's brief is due on or before Monday, November 28, 2005.


 Don H. Reavis

 Justice






nd appellee
had ample time to supplement its brief before oral argument if necessary. Appellee does
not contend that appellant has raised issues to which it has not had opportunity to respond.
Appellant also expresses concern over the potential delay in disposition of the case.

 Concluding that appellee has failed to present a basis for concluding that justice
requires supplementation of its brief, we must deny appellee's motion. 


 Per Curiam